UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>EDWARD VASQUEZ,<br><br>  Defendants. | Case No.: 1:06-cr-00248 JLT<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 108) |

Edward Vasquez moves the Court for an order terminating his supervised release early. He has been under supervision for approximately 10 years. Nevertheless, for the reasons set forth below, the motion is **DENIED**.

**I.  Background**[1]

Edward Vasquez plead guilty to attempted possession of material involving the sexual exploitation of minors. (Doc. 65; Doc. 51 at 2.) In exchange, charges related to receiving and distributing material involving the sexual exploitation of minors were dismissed.  (Doc. 51 at 2.) The Court sentenced him to 37 months in custody and 120 months of supervised release thereafter. (Doc. 65 at 2)

Mr. Vasquez began supervision in July 2011 (Doc. 66 at 2). In 2016, the court modified

---

[1] Unless otherwise noted, this information comes from the presentence report (Doc. 20), and the probation officer's response to the motion.

1

the condition of supervision to allow Mr. Vasquez to have unsupervised contact with his 11-year-old son. Id. By this time, he had been living with his son, though with supervision provided by his wife, for about three-and-a-half years. Id.

In 2019, the probation officer filed a petition seeking to revoke the supervised release. (Doc. 68) The petition alleged that Mr. Vasquez used marijuana nine times between July and December 2019. Id. In addition, Mr. Vasquez failed to test twice and failed to attend and participate in drug counseling. Id. After he was arrested on the petition, the court released Mr. Vasquez with conditions. (Doc. 76) Soon thereafter, the COVID pandemic hit in earnest and his case was continued many times. During this time, Mr. Vasquez participated in and completed outpatient counseling for drug abuse. (Doc. 100 at 3) On February 24, 2021, he admitted three charges of the petition related to marijuana use and two charges related to failing to drug test and participate in drug treatment. (Doc. 97)

A month later, on March 23, 2021, the court revoked the supervised release and sentenced Mr. Vasquez to time served plus two additional years of supervised release. (Doc. 104 at 2) Mr. Vasquez now moves the court to terminate his supervised release early. (Doc. 108) The government opposes the request due mostly to the facts that the original conduct was very serious and that the violations occurred relatively recently. (Doc. 108) Probation has taken no position on the matter.

**II. Analysis**

The Court acknowledges its discretion to terminate supervision early in this case. In considering the motion, the Court notes, first, that the underlying offense was quite serious and dangerous to the most vulnerable of society. Based upon this conduct, the court concluded at that time, that Mr. Vasquez should be subject to supervision for 10 years following's release from custody.

Second, despite having served more than eight years of the ten-year period of supervision without violations, Mr. Vasquez not only used marijuana over and over for the four-month period in 2019, but he failed to comply with drug testing demands and, though he was required to engage in substance abuse counseling, he refused. Only after his arrest on the violation petition did he

choose to conform his conduct to that which the court had previously ordered. He explains his months-long departure from the requirements of supervision as a "blip." Unfortunately, Mr. Vasquez is not entitled to refuse to comply with the court's orders any more than he is permitted to minimize his conduct by characterizing it as a "blip." If his conduct were so trivial, it is astounding that he would destroy the eight years of trust he had built up in such a meaningless way. He chose to use the drug. He chose to refuse to test. He chose to participate in counseling. The court does not mean to suggest that the tragedies he suffered at that time were not tragedies. Rather, the court suggests that life is frequently tragic, and the court must be able to trust that Mr. Vasquez will confront whatever future tragedies come his way with the tools he has been provided.

The court recognizes that in March 2021, the judge sentencing indicated that Mr. Vasquez could seek to terminate his supervision early if, Mr. Vasquez "earned back everyone's trust because he's really convinced his supervising probation officer that, no, that really was a momentary blip that was only brought about by those circumstances . . ." (Doc. 107 at 9) Though a year has passed, the trust has not been rebuilt. Most notably, his probation officer in ambivalent, neither supporting nor opposing the motion. In the court's mind, this fall well short of the full-throated support the court anticipated in March 2021.

More important, the court finds the breach of trust caused by his conduct in 2019, has not been sufficiently repaired for the same reasons the court stated at the time it imposed the additional 24 months of supervision. The court stated then and, the court agrees now, that,

> Mr. Vasquez's violation was a serious breach of the Court's trust. Not only was it a use of marijuana that went on for a considerable period of time, but there's also concern that during that period of time, Mr. Vasquez was taking advantage to some extent of the good will that had been -- he had built up, for good reason for the years prior with counselors and others. And that this wasn't just a one-time slip. This went on for a while, and he was not forthcoming. In fact, he was somewhat resistant, really, to supervision in a sense of this marijuana use.

///

///

///

///

3

(Doc. 107 at 8) Thus, after considering all of the § 3583(e)(1) factors, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 16, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE